In the Matter of BRYANT FISCHLER, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 10, 1978

## APPEARANCES OF COUNSEL

*Donald E. Humphrey (Robin Kahn* of counsel), for petitioner.

*Shapiro & Herman (Norman Shapiro* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on December 21, 1955. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Judge to whom the issues were referred for hearing and report.

The following misconduct was alleged against the respondent herein:

The respondent was a member of the firm of Fischler & Silver from September 1, 1969 through its dissolution on or about August 30, 1975. Barry Silver was also a member of the firm. During the partnership, the respondent and Silver were duly qualified notaries public of the State of New York. In April, 1973 the respondent and his partner became the majority shareholders in a corporation. Thereafter, through this corporation, they acquired another corporation. In order to purchase the second corporation, they needed $400,000. They borrowed $50,000 using, *inter alia,* the respondent's home as collateral in the form of a second mortgage. The home was owned jointly by the respondent and his wife. On February 21, 1974 the respondent executed the second mortgage by signing his own name and the name of his wife. The respondent then signed Silver's name, as notary, to the mortgage and affixed Silver's notary stamp as a purported acknowledgment of the signatures of both mortgagors.

The Referee found that the charges against the respondent were established by the evidence. After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Referee. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the nature and extent of the discipline to be imposed upon the respondent, we have taken cognizance of the mitigating circumstances which the respondent has requested the court to consider. Under the circumstances, it is our opinion that the respondent should be and he hereby is suspended from the practice of law for a period of one year, commencing November 1, 1978 and until the further order of this court.

MOLLEN, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.